UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-03664-CAS(JEMx) | Date | May 9, 2016 |
|---|---|---|---|
| Title | MARK SHEDLIN v. LEMUEL L. BALAGOT | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Raymond Ballister, Jr. | | Lemuel Balagot, Pro Se | |

**Proceedings:**     PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Dkt. 53, filed March 18, 2016)

## I. INTRODUCTION

On May 13, 2014, plaintiff Mark Shedlin filed the instant action against pro se defendant Lemuel L. Balagot ("defendant"), asserting claims for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; California's Unruh Civil Rights Act, California Civil Code Section 52, et seq.; and the California Disabled Persons Act ("CDPA"), California Civil Code section 54, et seq. The complaint seeks (1) injunctive relief compelling defendant to comply with the ADA and the Unruh Civil Rights Act; (2) damages under the Unruh Civil Rights Act and/or the CDPA; and (3) attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. section 12205 and California Civil Code sections 52 and 54.3. See Compl., Prayer for Relief ¶¶ 1-3.

On January 4, 2016, plaintiff filed a motion for summary judgment as to all of plaintiff's claims. Dkt. 36. Defendant failed to file an opposition to plaintiff's motion, and in an order dated February 23, 2016, the Court granted summary judgment in favor of plaintiff.[1] Dkt. 49. In an order dated March 21, 2016, the Court entered judgment in favor of plaintiff. Dkt. 54. The Court awarded plaintiff $8,000 pursuant to Cal. Civ. Code § 52(a). Id.

On March 18, 2016, plaintiff filed the instant motion for an award of attorneys' fees and litigation expenses in the amount of $43,229.02. Dkt. 53. ("Motion"). To date,

---

[1] The Court's order granting summary judgment contains a more complete procedural history of this matter. See Dkt. 49, at 1-2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-03664-CAS(JEMx) | Date | May 9, 2016 |
| Title | MARK SHEDLIN v. LEMUEL L. BALAGOT | | |

defendant has not filed any opposition to the instant motion.[2] On May 9, 2016, the Court held oral argument, at which both parties made an appearance and received a copy of the Court's tentative order.[3] Having carefully reviewed plaintiff's memorandum of law and the billing statement attached thereto, the Court finds and concludes as follows.

## II. RELEVANT BACKGROUND

### A. History of Settlement Negotiations

Plaintiff's counsel states in a declaration that on October 7, 2014, during a telephonic meet and confer, the parties discussed the possibility of settlement. Potter Decl. at ¶ 6. Plaintiff's counsel "informed the defendant that statutory minimum damages for [plaintiff's] two encounters [at defendant's restaurant] would be $8,000, plus the defendant had to remedy the violations, and there were modest attorney's fees and costs." Id. Defendant purportedly "had no offer and stated [that] he had no intention to settle the case." Id.

Plaintiff's counsel further avers that almost a year later, defendant "changed [his] mind and provided his first offer for settlement." Id. at ¶ 7. On July 28, 2015, defendant offered a total of $2,000. Dkt. 53-3 (Defense letter of July 28, 2015). On August 6, 2015, plaintiff's counsel demanded $13,500 plus compliance with the relevant statutory requirements. Dkt. 53-4 (Email dated August 6, 2015). On October 11, 2015, plaintiff's counsel sent a letter demanding $4,000 plus submission of attorneys' fees and costs to the Court. Dkt. 53-5 (Letter dated October 11, 2015). On December 16, 2015, plaintiff's

---

[2] Under Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7–12. See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); Holt v. I.R.S., 231 Fed. App'x. 557, at *1 (9th Cir. 2007) (same; and rejecting a pro se litigant's contention that the district court should have warned her of the consequences of failing to file an opposition). Accordingly, defendant's failure to file an opposition to the instant motion for attorneys' fees provides independent grounds for granting the motion.

[3] At oral argument, counsel for plaintiff submitted on the Court's tentative order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-03664-CAS(JEMx) | Date | May 9, 2016 |
| Title | MARK SHEDLIN v. LEMUEL L. BALAGOT | | |

counsel repeated the same offer in an email. Dkt. 53-6 (Email dated December 16, 2015). Plaintiff's counsel avers that besides defendant's $2,000 settlement offer, defendant has never made any other offer or counteroffer in this case. Potter Decl. at ¶ 11.

### III. LEGAL STANDARD

Under the ADA, attorneys' fees are available to a prevailing party. 42 U.S.C. § 12205. Additionally, any person found in violation of the Unruh Civil Rights Act "is liable for . . . any [attorneys'] fees that may be determined by the court . . . ." Cal. Civ. Code § 52(a). Because the legislature passed the ADA in part "to ensure effective access to the judicial process for persons with civil rights grievances," recovery of attorneys' fees "is the rule rather than the exception." Hensley v. Eckerhard, 461 U.S. 424, 429 (1983); Jankey v. Poop Deck, 537 F.3d 1122, 1131 (9th Cir. 2008) (internal quotation marks and citation omitted). Documentation submitted in support of a motion for attorneys' fees must apprise the Court of the nature of the activity and should be sufficient to satisfy the Court that the hours expended were actual, non-duplicative, and reasonable. See, e.g., Hensley, 461 U.S. at 437.

Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted). The moving party bears the burden of producing evidence that the billing rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted). In such cases, a district court may make upward or downward departures from the presumptively reasonable lodestar figure based on the following factors, as set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-03664-CAS(JEMx) | Date | May 9, 2016 |
| Title | MARK SHEDLIN v. LEMUEL L. BALAGOT | | |

attorneys on the case; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Only those factors which are applicable need be addressed. See, e.g., Sapper v. Lenco Blade, Inc., 704 F.2d 1069, 1073 (9th Cir. 1983).

## IV. DISCUSSION

Plaintiff seeks a total of $38,237.50 in attorneys' fees for the work of seven different attorneys over the course of nearly two years. Dkt. 53-3 (Billing Statement). Plaintiff also requests $4,991.52 in litigation expenses, for a total requested award of $43,229.02. Id.

### A. Attorneys' Fees

#### 1. Reasonable Hourly Rates

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. Plaintiff's counsel seeks hourly rates of $425 for Mark Potter, $425 for Raymond G. Ballister, Jr., $350 for Phyl Grace, $250 for Dennis Price, $250 for Christina Sosa, $200 for Amanda Lockhart, and $200 for Isabel Masanque. See Billing Statement. As evidence that these rates are reasonable, plaintiff's counsel attests to each attorney's experience in disability access litigation and relative success in law school. Potter Decl. at ¶¶ 12-17. Plaintiff also attaches five orders of judges in the Central District of California finding these hourly rates to be reasonable. See Dkts. 53-8–53-12. After reviewing awards in similar cases, many involving the very same attorneys, the Court concludes that the hourly rates that plaintiff's counsel seeks are reasonable. See United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) (concluding that, among other things, "rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate").

#### 2. Number of Hours Reasonably Expended

Plaintiff's counsel seeks $38,237.50 for 110.9 hours billed, with the relative dates of representation and total billed hours broken down as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-03664-CAS(JEMx) | Date | May 9, 2016 |
| Title | MARK SHEDLIN v. LEMUEL L. BALAGOT | | |

| | |
|---|---|
| Mark Potter (3/18/14 - 3/8/16) | 29.2 hours |
| Raymond G. Ballister, Jr. (11/17/14 - 10/28/15) | 32.3 hours |
| Phyl Grace (8/10/14 - 12/16/15) | 9.3 hours |
| Dennis Price (9/20/14 - 2/23/16) | 13.3 hours |
| Christina Sosa (1/2/16 - 2/29/16) | 3.2 hours |
| Amanda Lockhart (8/28/14 - 5/21/15) | 10.1 hours |
| Isabel Masanque (1/8/15 - 2/8/16) | 13.5 hours |

As an initial matter, the Court notes that Potter's final billing entry includes an estimated eight hours for his anticipated "travel to, preparation for, *drafting [a] reply to [defendant's] opposition[,]* and attending [the] hearing for [the] Motion for attorney's fees and costs." Billing Statement, at 4. However, defendant has not filed an opposition to the instant motion, and accordingly Potter has not expended time drafting a reply. Given that the attorneys in this matter typically bill four hours for their travel and attendance associated with court hearings, the Court adjusts the final billing entry to a total of four hours.[4] Accounting for this correction, plaintiff's final proposed lodestar figure is $36,537.50 for the 106.9 hours billed for this matter.

In determining the appropriate number of hours reasonably expended on this matter, the Court recognizes that much time was expended by plaintiff's counsel in their handling of this case in part because of the manner in which defendant, who is proceeding pro se, has handled his defense. As detailed more fully in the Court's order granting summary judgment, the Court has issued multiple orders to show cause ("OSC") throughout this case as a result of defendant's failure to meet and confer with plaintiff or appear at court-ordered hearings, including scheduling conferences and status conferences regarding settlement. See Dkt. 49, at 1-2.[5]

---

[4] Attorney Ray Ballister, and not attorney Mark Potter, actually appeared at the Court's hearing on the instant motion. However, because both Ballister and Potter bill at the same hourly rate, Ballister's appearance does not affect plaintiff's final proposed lodestar figure.

[5] For example, on October 23, 2015, following defendant's failure to comply with the Court's OSC, the Court ordered that defendant's answer be stricken from the record and that the Clerk of Court enter the default of defendant in the instant action. Dkt. 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-03664-CAS(JEMx) | Date | May 9, 2016 |
| Title | MARK SHEDLIN v. LEMUEL L. BALAGOT | | |

However, time spent on work that is "excessive, redundant, or otherwise unnecessary" should generally not be compensated in an award of attorneys' fees. Hensley, 461 U.S. at 437. Based upon a review of the billing statement attached to the instant motion, the Court concludes that a total of over 106 hours billed on this relatively routine matter—for which only one dispositive (and unopposed) motion was ever filed or ruled upon—to be excessive. Indeed, plaintiff's billing statement contains many entries billing 0.2 or 0.3 hours for "review" of materials, including court minute orders, that are only three to four sentences long and often only contain information regarding scheduling or other non-substantive matters. See, e.g., Billing Statement, at 5 (entries for 11/18/2014 and 12/17/2014). Furthermore, plaintiff's billing entries repeatedly lump multiple, often nondescript tasks together, without itemizing those tasks performed. Such a failure to maintain clear and detailed billing records warrants a reduction of plaintiff's claimed hours. C.f. Hensley, 461 U.S. at 436 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). For example, the billing statement contains over seventy individual entries containing the phrase, "reviewed case file," often in conjunction with additional, unrelated specific tasks. One attorney's billing statement contains ten entries, spanning the course of two months, all stating, "reviewed case file and instructed assistant to contact Defendant to set up rule 26 conference." See Billing Statement, at 6.

In circumstances such as this one, "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed *or in the final lodestar figure as a practical means of trimming the fat from a fee application*." Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1992) (citations omitted) (emphasis added). In light of the foregoing, the Court concludes that a reduction of 25% in the final proposed lodestar figure is appropriate here.

---

Shortly thereafter, after conferring with the parties and questioning defendant as to his failure to appear at a hearing, the Court then ordered that defendant's answer, previously stricken from the record, be reinstated, and that the default, entered by the Clerk on October 23, 2015, be set aside. Dkt. 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-03664-CAS(JEMx) | Date | May 9, 2016 |
| Title | MARK SHEDLIN v. LEMUEL L. BALAGOT | | |

Accordingly, the final lodestar amount to be awarded is $27,403.13.[6]

### B. Litigation Costs

In addition to attorneys' fees, the ADA authorizes a court to award litigation expenses and costs to a prevailing party, including expert witness fees. Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002). Here, plaintiff seeks $4,991.52 in litigation costs, including $234 in service costs, $400 for the filing fee, $200 in investigation costs, $1,467.40 in expert witness costs, and $2,690.12 in deposition costs. The Court finds the award of these costs in full to be appropriate.

Accordingly, the Court awards $4,991.52 in litigation costs.

### V. CONCLUSION

In accordance with the foregoing, plaintiff's motion for attorneys' fees and litigation costs is hereby **GRANTED IN PART** and **DENIED IN PART**. Specifically, defendant is ordered to pay plaintiff $27,403.13 in attorneys' fees and $4,991.52 in litigation costs, for a total of $32,394.65.

IT IS SO ORDERED.

| | 00 | : | 08 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[6] This figure represents 75% of the $36,537.50 that plaintiff's counsel has billed for the 106.9 hours expended on this matter.